### WILLIAM H. BABBY V. JOHN B. MUSSER.

FILED MARCH 19, 1902.    No. 11,387.

1. **Forcible Entry and Detention: APPEAL.** In 1899 there was no valid statute authorizing an appeal to the district court in actions of forcible entry and detention, or forcible detention only, of real property.

2. **Derivative Jurisdiction: CONSENT OF PARTIES.** The jurisdiction of the district court in such actions, being derivative only, is not aided by consent of parties.

ERROR from the district court for Sheridan county. Tried below before KINKAID, J. *Reversed.*

*Frank J. Kelley* and *J. H. Edmonds,* for plaintiff in error.

*C. Patterson, contra.*

SULLIVAN, C. J.

This was an action of forcible detainer. It was commenced in the county court of Sheridan county, and was tried and decided on April 4, 1899. The judgment was in favor of the plaintiff, John B. Musser. The defendant, William H. Babby, attempted to remove the cause by appeal to the district court. Both parties assumed that the appeal was valid, and the defendant, without challenging the jurisdiction of the court, entered a voluntary appearance, and participated in a trial which resulted in the judgment of which he is now complaining. The decision of the district court can not be approved. At the time of the trial in the county court, there was no valid statute authorizing an appeal in this class of cases. The statute which professed to give that right was not adopted in accordance with constitutional procedure, and in *Armstrong v. Mayer,* 60 Nebr., 423, was held to be void. The appeal was therefore a nullity; it did not vacate the judgment of the county court, and that judgment has always been, and

is now, in full force and effect. The case in the district court was, in substance, a new action. Jurisdiction of the parties was acquired by their voluntary appearance; but original jurisdiction of the subject-matter was not given by law, and hence the judgment rendered by the court and brought here for review was, and is, absolutely void.

The decision is reversed and the action dismissed.

REVERSED AND DISMISSED.

NOTE.—The principle underlying the question of jurisdiction by consent is, that one may waive a personal privilege in all cases where public policy is not contravened thereby. Wells, Jurisdiction of Courts, sec. 86. On an appeal from the judgment of a justice of the peace, the appellate court acquires no jurisdiction if the subject of the action was beyond the jurisdiction of the justice. *Cooban v. Bryant*, 36 Wis., 605, 612.—REPORTER.